Michael K. Haines
Bar Card No. 08710900
Haines & Associates, P.C.
8226 Douglas Avenue, Suite 450
Dallas, Texas 75225

Jacob M. Gold
Bar Card No. 08069650
Gold Law Firm
5851 Legacy Circle, Sixth Floor
PMB 40
Plano, Texas 75024

Attorneys - Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE § | | |
| § | | |
| WILLIAM GARY STAPLETON, § | | CASE NO. 14-42478 |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| BENCHMARK BANK, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | ADVERSARY NO. _____ |
| § | | |
| WILLIAM GARY STAPLETON, § | | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT
OBJECTING TO DEFENDANT'S DISCHARGE AND REQUESTING
<u>DETERMINATION OF THE DISCHARGEABILITY OF A DEBT</u>**

1

Plaintiff Benchmark Bank complains of Defendant William Gary Stapleton.

## Statutory Authority, Jurisdiction and Venue

1. Plaintiff objects to Defendant's discharge. 11 U.S.C. §727(c)(1); Fed. R. Bankr. P. 4004. Plaintiff requests the determination of the dischargeability of a debt Defendant owes. 11 U.S.C. §523(c)(1); Fed. R. Bankr. P. 4007.

2. The Court has jurisdiction to hear and determine this matter as a core proceeding. 28 U.S.C. §§1334(a)(b) and 157(a)(b)(1)(2)(I)(J).

3. The Court is the proper venue for the adversary proceeding. 28 U.S.C. §§ 1408, 1409(a).

## Parties

4. Plaintiff is a state banking association with a principal office in Plano, Texas.

5. Defendant is a resident of this judicial district and the debtor in the bankruptcy case. Defendant can be served with summons at 1161 Stacy Road, Fairview, Texas 75089 with a copy to his bankruptcy counsel.

## General Facts About Claim and Bankruptcy

6. Plaintiff is the owner and holder of an unsecured claim against Defendant and the bankruptcy estate. Plaintiff's claim arises from a final judgment entered on October 24, 2014 ("Judgment") by the U.S. District Court, Eastern District of Texas, Sherman Division, in Civil Action No. 4:13-cv-00247-RAS-DDB, styled Benchmark Bank v. CAMTAY, Official No. 1189482, *in rem*, and William G. Stapleton, *in personam* ("Lawsuit").

7. On November 26, 2014, an involuntary petition under Chapter 7 was filed against Defendant. [Bankruptcy Docket No. 1]. The Court entered an agreed order for relief on January 14, 2015. [Bankruptcy Docket No. 10]. Michelle Chow is the duly appointed trustee of the bankruptcy estate.

8. Defendant filed his schedules and statement of financial affairs on February 11, 2015. [Bankruptcy Docket No. 24]. Defendant filed an amended Schedule F on June 4, 2015. [Bankruptcy Docket No. 42].

9. The trustee held and concluded a meeting for creditors. Defendant appeared at the meeting for creditors with his counsel and gave testimony under oath. [Bankruptcy Docket May 22, 2015].

COUNT ONE

Objection to Discharge

10. Paragraphs 1 through 9 are realleged and incorporated.

11. Prior to, on and subsequent to the petition date, Defendant publicly represented that he owned a 2008 Lamborghini Gallardo Superleggera ("Lamborghini"). Defendant listed the Lamborghini for sale, at the price of $190,000.00, on ToysforBigBoys.com, a classified listing website for luxury items such as yachts and exotic cars. The listing was in effect after the petition date. According to information on the website, Defendant sold the Lamborghini after the petition date. The sale price is not disclosed. Although the date of sale is undisclosed, Plaintiff reasonably believes the sale of the Lamborghini occurred after January 12, 2015.

12. Plaintiff objects to the Court granting Defendant a discharge. 11 U.S.C. §727(c). Plaintiff makes this objection within the extended period of time authorized by the Court. [Bankruptcy Docket No. 41]. Fed. R. Bankr. P. 4004(b).

13. Defendant had a legal or equitable interest in the Lamborghini as of the commencement of the bankruptcy case. The Lamborghini became property of the bankruptcy estate upon the filing of the bankruptcy petition. 11 U.S.C. §541(a).

*§727(a)(4)*

14. Defendant, in or in connection with the bankruptcy case, made a false oath or account. 11 U.S.C. §727(a)(4). Defendant's schedules of assets and liabilities and statement of financial affairs are made under oath. Defendant omitted the Lamborghini from his schedule of assets. *See,* Schedule B, ¶25 [Bankruptcy Docket No. 24]. The omission of the Lamborghini is a false statement under oath. The omission of the Lamborghini is material because, among other reasons, Defendant has the duty to provide the trustee, creditors and the Court with full and complete information concerning his assets and financial affairs. Defendant's omission of the Lamborghini from his schedules bears a relationship to Defendant's bankruptcy estate and the discovery, existence or disposition of assets. Defendant knowingly and fraudulently omitted the Lamborghini from his schedule of assets.

15. Defendant compounded his false oath and account in the schedules and statement of financial affairs with his testimony at the meeting for creditors. 11 U.S.C. §727(a)(4). Defendant testified that the schedules and statement of financial affairs were true, correct and complete when, in fact, they were not. Further, when asked whether he owned any vehicles, other than those scheduled, or had sold any vehicles, Defendant made a false oath and account when he did not

4

disclose his ownership and sale of the Lamborghini and testified that he did not own any vehicles, other than those scheduled, and had not sold any vehicles. The false testimony about the Lamborghini is material because, among other reasons, Defendant has the duty to provide the trustee, creditors and the Court with full and complete information concerning his assets and financial affairs. Defendant's false testimony bears a relationship to Defendant's bankruptcy estate and the discovery, existence or disposition of assets. Defendant knowingly and fraudulently gave the false testimony.

16.     Alternatively, if Defendant did not own the Lamborghini on the petition date, Defendant made a false oath or account, in or in connection with the bankruptcy case, 11 U.S.C. §727(a)(4). Defendant's schedules of assets and liabilities and statement of financial affairs are made under oath. Defendant did not schedule the assets which he used after the petition date to purchase ownership of the Lamborghini and to improve the Lamborghini for re-sale. Defendant compounded his false oath and account in the schedules and statement of financial affairs with his testimony at the meeting for creditors. 11 U.S.C. §727(a)(4). Defendant testified that the schedules and statement of financial affairs were true, correct and complete when, in fact, they were not. Defendant knowingly and fraudulently gave the false oath or account and testimony.

*§727(a)(2)(B)*

17.     After the petition date, Defendant, with intent to hinder, delay or defraud creditors or the trustee, transferred, removed or concealed, or permitted to be transferred, removed or concealed property of the estate. 11 U.S.C. §727(a)(2)(B). Defendant had a legal or equitable interest in the Lamborghini when the bankruptcy petition was filed. With the commencement of the bankruptcy case, Defendant's legal or equitable interest in the Lamborghini became property of the

bankruptcy estate. 11 U.S.C. §541(a). After the commencement of the bankruptcy case, Defendant transferred, removed or concealed property of the bankruptcy estate when he sold the Lamborghini. Defendant's transfer, removal or concealment of property of the bankruptcy estate extends to the proceeds from the sale of the Lamborghini. Defendant transferred, removed or concealed the Lamborghini, the sale of the Lamborghini and the proceeds from the sale of the Lamborghini with intent to hinder, delay or defraud the creditors or trustee of the bankruptcy estate.

18.     Alternatively, Defendant concealed property of the bankruptcy estate by withholding knowledge or information about property of the bankruptcy estate required to be disclosed. 11 U.S.C. §727(a)(2)(B). Defendant had a legal or equitable interest in the Lamborghini when the bankruptcy petition was filed. With the commencement of the bankruptcy case, Defendant's legal or equitable interest in the Lamborghini became property of the bankruptcy estate. 11 U.S.C. §541(a). If Defendant did not sell the Lamborghini as alleged above, then Defendant concealed property of the bankruptcy estate by withholding knowledge or information about the Lamborghini which he was required to disclose. Defendant concealed the property of the bankruptcy estate with intent to hinder, delay or defraud the creditors or trustee of the bankruptcy estate.

COUNT TWO

Request To Determine Dischargeability of Debt

19.     Paragraphs 1 through 9 are re-alleged and incorporated.

20.     Plaintiff requests a determination that a debt owed by Defendant to Plaintiff is not dischargeable. 11 U.S.C. §523(c). Plaintiff makes this request within the extended period of time authorized by the Court. [Bankruptcy Docket No. 41]. Fed. R. Bankr. P. 4007(c).

21. On July 7, 2006, Defendant executed and delivered to Plaintiff a promissory note in the original principal amount of $672,000.00. Defendant promised to re-pay Plaintiff the principal amount of the promissory note together with interest on the unpaid principal balance thereof at the rate of the Wall Street Prime Lending Rate as announced by The Wall Street Journal (the "Index"). The initial Index rate charged was 8.250% per annum with a maturity rate of 18.00% per annum or the maximum lawful rate, whichever is less. Defendant secured the performance of his obligations undertaken in the promissory note by granting Plaintiff a preferred mortgage against a vessel known as CAMTAY[1] and other assets he owned.

22. As part of Plaintiff's loan approval process, on or about January 6, 2006 and May 30, 2006, Defendant submitted to Plaintiff personal financial statements. Plaintiff considered and relied upon the personal financial statements in agreeing to advance the loan to Defendant. Neither the personal financial statements submitted in 2006 nor other personal financial statements Defendant submitted to Plaintiff, from time to time, during the term of the loan identified and listed Defendant's significant liabilities which he now discloses have been due and owing to Stapleton Enterprises, Inc., an entity controlled by Defendant's father, Bill Stapleton, prior and subsequent to the dates the loan was requested, approved and advanced.

23. At the meeting for creditors, Defendant admitted owing Stapleton Enterprises, Inc. the sum of approximately $295,000.00 in 2005. Defendant did not list the debt in the personal financial statements submitted to Plaintiff in 2006.

---

[1] CAMTAY was originally documented, under United States law, pursuant to a Builder's Certificate, dated October 19, 2005, issued by Sea Ray Boats, Inc. The hull of CAMTAY was assigned Identification No. SERY1311H506. The National Vessel Documentation Center assigned Official No. 1189482 to CAMTAY.

24. At the meeting for creditors, Defendant admitted owing Stapleton Enterprises, Inc. the sum of $645,247.50 during the years 2005 - 2008. Defendant submitted to Plaintiff a personal financial statement, dated October 10, 2008, which did not list the debt.

25. At the meeting for creditors, Defendant admitted Stapleton Enterprises, Inc. advanced him loans, during the period 2005-2009, in the amount of $645,246.18. Defendant submitted to Plaintiff a personal financial statement, dated January 15, 2010, which did not list the debt.

26. At the meeting for creditors, Defendant admitted to receiving loans from Stapleton Enterprises, Inc., during the period 2005 - 2011, in the amount of $2,116,254.00. None of the loans were listed in the aforementioned personal financial statements Defendant submitted to Plaintiff.

27. Beginning with the loan application and approval process and continuing through Plaintiff's administration of the loan, Defendant concealed and failed to disclose to Plaintiff the material debts and liabilities he owed to Stapleton Enterprises, Inc. Defendant's concealment and non-disclosure materially affected the banking relationship because Plaintiff relied upon the information in Defendant's personal financial statements to advance and service the loan. Oftentimes during the term of the loan, Defendant was late in the remittance of payments and in default. Plaintiff afforded Defendant opportunities to cure his defaults and forebeared from accelerating the maturity of the loan in reliance upon the information Defendant provided in his submitted personal financial statements.

28. Ultimately, Defendant defaulted in the payment of the loan. The default resulted in the acceleration of the maturity of the debt, the filing of the Lawsuit and the entering of the Judgment. The Judgment awards Plaintiff a recovery against Defendant for damages in the amount of $210,874.55, additional prejudgment interest in the amount of $706.19, attorney fees in the

amount of $46,451.64, costs of court and post-judgment interest, compounded annually, on all amounts at the rate of 0.10 percent per annum from the date of the Judgment until paid.

29.    Plaintiff requests a determination that the debt represented by the Judgment is not dischargeable. The debt is for money or an extension, renewal or refinancing of credit which Defendant obtained from Plaintiff by use of statements in writing. The written statements concerned Defendant's financial condition and were materially false. Plaintiff reasonably relied on the written statements because Plaintiff would not have made the loan to Defendant if Plaintiff had known the written statements were false. Defendant caused the written statements to be made or published with the intent to deceive Plaintiff. 11 U.S.C. §523(a)(2)(B).

## Prayer for Relief

Plaintiff requests that the Court deny Defendant a discharge; determine Defendant's debt to Plaintiff is not dischargeable; and grant such other and further appropriate relief.

[Remainder of Page Left Blank Intentionally]

Respectfully submitted,

Michael K. Haines
Bar Card No. 08710900
HAINES & ASSOCIATES, P.C.
8226 Douglas Avenue, Suite 450
Dallas, Texas 75225
Telephone: (214) 706-3520
Telecopy: (214) 706-3158
E-mail: mhaines@haineslaw.com


GOLD LAW FIRM


*/s/ Jacob M. Gold*
  Jacob M. Gold
  Bar Card No. 08069650
5851 Legacy Circle, Sixth Floor
PMB 40
Plano, Texas 75024
Telephone: (972) 578-1050
Telecopy: (972) 578-1555
E-mail: firm@goldlawtexas.com

ATTORNEYS - PLAINTIFF

CERTIFICATE OF SERVICE

This original complaint was served, on June 11, 2015, through the ECF System for the U. S. Bankruptcy Court for the Eastern District of Texas, upon:

Christopher J. Moser, Esq.
cmoser@qslwm.com
Hudson M. Jobe, Esq.
hjobe@qslwm.com
John Paul Stanford, Esq.
jstanford@qslwm.com
Quilling Selander Lownds Winslett Moser
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

*/s/ Jacob M. Gold*
Jacob M. Gold